IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERICK NORWOOD,

    Petitioner,                    No. CIV-05-0178 LKK KJM P

    vs.

JANE YATES,                         ORDER AND

    Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

       Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

       Petitioner alleges he was denied due process in the disciplinary hearing that led to the loss of 150 days of good time credit. Specifically, he claims the hearing was not held within thirty days of the date he was given notice of the rules violation report (RVR), as required by California Penal Code section 2932 and title 15 of the California Code of Regulations section 3320 (b). Petitioner's contention, it appears, is that he was served with the RVR at 7:38 a.m. on April 21, 2001, but the hearing was not held until approximately 3:40 p.m. on May 21, 2001.

See Petition, Exs. at 18, 22.

In Wolff v. McDonnell, 418 U.S. 539, 563 (1974), the Supreme Court explored the due process requisites for a prison disciplinary hearing and held an inmate is entitled to "advance written notice of the claimed violation and a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken." In addition, the inmate may have the right to call witnesses and present documentary evidence when consistent with institutional safety or correctional goals. Id. at 566. Petitioner does not allege he was denied any of the Wolff protections, despite his general claim of a federal due process violation.

Petitioner bases his claim on the institution's purported failure to follow the laws and regulations governing the timing of the hearing. However, the Supreme Court has explained:

> Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement.

Olim v. Wakinekona, 461 U.S. 238, 250 (1983). In this case, petitioner does not allege that the purported delay in the hearing rendered it unfair, but challenges its timing only. In his view, the regulations providing that a hearing is to be held within thirty days from service of the notice actually mean that the hearing is to be held within 720 hours of the service. However, a day is "[a]ny 24-hour period. . . ." Black's Law Dictionary 402 (7th ed. 1999). Under this definition, petitioner's hearing was timely so long as it was held at any time on May 21. Accordingly, petitioner has not shown a violation of state law or regulation. Moreover, even if the state violated its own regulations governing disciplinary hearings, the claim does not provide a basis for federal habeas relief, because petitioner has not claimed any unfairness in the hearing proceeding itself. He has shown nothing justifying relief on federal habeas corpus. Bonin v. Calderon, 59 F.3d 815, 842 (9th Cir. 1995).

A court may dismiss a habeas petition without issuing an order to show cause if it appears the petitioner is not entitled to relief. Harris v. Nelson, 394 U.S. 286, 298-99 (1969); Hunt v. Eyman, 429 F.2d 1318, 1319 (9th Cir. 1970). Such a dismissal is the appropriate result

1 in this case.

2       Accordingly, IT IS HEREBY ORDERED that petitioner's application to proceed
3 in forma pauperis is granted.

4       IT IS HEREBY RECOMMENDED that petitioner's application for a writ of
5 habeas corpus be dismissed.

6       These findings and recommendations are submitted to the United States District
7 Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days
8 after being served with these findings and recommendations, petitioner may file written
9 objections with the court.  Such a document should be captioned "Objections to Magistrate
10 Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections
11 within the specified time may waive the right to appeal the District Court's order.  Martinez v.
12 Ylst, 951 F.2d 1153 (9th Cir. 1991).

13 DATED:  December 1, 2005.

14

15       _____
      UNITED STATES MAGISTRATE JUDGE

16

17

18

19
2
20 norw0178.156

21

22

23

24

25

26